IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| Randolph Allen McWhorter ) | |
| and Kathryn Newman McWhorter, ) | Case No: 05-03135 |
| ) | |
| Debtors. ) | |
| _____ ) | |

**FILED**
at ___ O'clock & ___ min ___ M
MAR 24 2006
United States Bankruptcy Court
Columbia, South Carolina (33)

**ENTERED**
MAR 24 2006
**KPD**

### ORDER ON OBJECTIONS TO DEBTORS' EXEMPTIONS

This matter comes before the Court on objections filed by Chapter 13 Trustee, James M. Wyman, ("Trustee") and Carolina Care Plan, Inc. ("Carolina Care Plan") to exemptions claimed by Debtors in certain settlement proceeds. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (O). The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 4003.[1]

### FINDINGS OF FACTS

1. Kathryn Newman McWhorter and Randolph Allen McWhorter ("Debtors") filed this case under Chapter 13 of the Bankruptcy Code on March 17, 2005.

2. Prior to the petition date, Mrs. McWhorter underwent microscopic gall balder surgery. After the surgery, Mrs. McWhorter experienced various complications and was required to undergo additional surgical procedures to repair internal damage done by the first procedure. Mrs. McWhorter recovered from the surgeries but is unable to have children as a result of the surgeries.

3. On March 24, 2003, Mr. and Mrs. McWhorter filed separate complaints in the Court of Common Pleas for Charleston County, South Carolina. In her complaint, Mrs.

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

McWhorter alleges that she suffered damages as a result of negligent treatment provided by her physicians. Her claims for damages included permanent injuries, medical expenses, and the inability to work in the future. Mr. McWhorter filed a complaint for loss of the services and consortium.

4. Debtors' Schedule B disclosed these pre-petition causes of actions. Debtors also claimed these causes of action as exempt on their Schedule C pursuant to S.C. Code Ann. § 15-41-35(11)(B) (2005). In their initial Schedule C, Debtors listed the value of these actions and the exemption as "undetermined." On May 10, 2005, Debtors amended their Schedule C to list the value of the causes of action and their exemption as $1.00 each.

5. On October 5, 2005, Debtors and their state court attorney mediated their various causes of action with the defendants in these actions. The parties reached a settlement agreement whereby the defendants agreed to pay Debtors $462,500.00 to resolve all claims that they may have against the defendants. The settlement was memorialized in a one-page agreement, which did not allocate the settlement proceeds between the various causes of action alleged by each Debtor against the defendants.

6. On December 9, 2005, Debtors filed an application with the Court seeking approval of their settlement with the defendants in these pre-petition causes of action. The terms of the settlement provided for payment of the sum of $462,500.00 to Debtors, less the amount owed to their state court attorney.

7. Settlement was approved on January 18, 2006, after the Court resolved objections to settlement filed by the Trustee and by Carolina Care Plan. The January 18, 2006 Order provided that Debtors' state court attorney hold $50,000.00 of the settlement proceeds in trust for

2

the Trustee pending further order of the Court. The Order also provided that the attorney hold a certain amount of the settlement proceeds in trust for the benefit of Carolina Care Plan.

8. On January 12, 2006, Debtors filed an amended Schedule C. In the amended Schedule C, Debtors claim an exemption in the amount of $462,500.00, the full amount of their settlement proceeds.

9. On January 30, 2006, Trustee filed an objection to Debtors' claim for exemption alleging that he could not determine if the entire amount of the settlement proceeds were exempt under South Carolina law.

10. On February 6, 2006, Carolina Care Plan also filed an objection to Debtors' exemption of the settlement proceeds. Carolina Care Plan claims priority in the proceeds and states that some portion of the settlement proceeds may not be exempt. Carolina Care Plan has brought an adversary proceeding to determine whether it has priority in the settlement proceeds.

11. Debtor filed an untimely response to the objection of the Trustee and a response to the objection of Carolina Care Plan on March 2, 2006.

## CONCLUSIONS OF LAW

South Carolina has opted out of the federal bankruptcy exemptions, thus, state law controls whether Debtors may exempt the settlement proceeds. See 11 U.S.C. § 522 (b)(1); S.C. Code Ann. § 15-41-35 (2005). S.C. Code Ann. § 15-41-35(11) provides that Debtors may exempt:

> The debtor's right to receive or property that is traceable to:
> (B) a payment on account of the bodily injury of the debtor or of the wrongful death or bodily injury of another individual of whom the debtor was or is a dependent

S.C. Code Ann. § 15-41-35(11)(B)(2005).

3

Debtors claim an exemption in the amount of $462,500.00 for the settlement proceeds and assert that the proceeds are payable for a bodily injury sustained by Mrs. McWhorter and are thus entirely exempt under South Carolina law. Scholtec v. Estate of Reeves, 327 S.C. 551, 490 S.E.2d 603 (S.C. Ct. App. 1997) (holding that in South Carolina an exemption for a personal injury award has no monetary cap). Bodily injury is defined as "physical damage to a person's body." BLACK'S LAW DICTIONARY 789 (7th Ed. 1999). "Consequential damages, such as loss of consortium, medical and hospital expenses, etc., are generally held not to constitute 'bodily injuries' …." Stewart v. State Farm Mutual Automobile Insurance Co., 341 S.C. 143, 152, 533 S.E.2d 597 (S.C. Ct. App. 2000).

At the hearing on the objections, Mrs. McWhorter and her state court attorney, Jefferson Leath, each testified about their understanding of the settlement proceeds. Mr. Leath testified that virtually all, if not all, of the settlement proceeds were attributable to the bodily injury claim of Mrs. McWhorter. According to Mr. Leath, he did not have evidence of damages for the claims of Mr. McWhorter nor did he have evidence of lost wages or future medical expenses for Mrs. McWhorter because she was not working at the time of the surgery and she made a full recovery at the time of the settlement. Mr. Leath also testified about the extent and severity of Mrs. McWhorter's bodily injuries. Mrs. McWhorter also testified about her extensive injuries caused as a result of the surgical procedure. It appears from the testimony that as a result of the procedure, Mrs. McWhorter suffered a collapsed lung, an infection, and was required to undergo additional procedures, which required the reopening of her abdominal cavity and hospitalization. She also suffered a permanent injury in that she is unable to have children as a result of the procedure.

Federal Rule of Bankruptcy Procedure 4003(c) places the ultimate burden of proof in a hearing on an objection to an exemption on the objecting party. In this case, the Trustee and Carolina Care Plan have the burden of proving by a preponderance of the evidence that the bodily injury exemption was not properly claimed. An objecting party "does not satisfy his burden merely by pointing to the Debtors failure to allocate the settlement into its component parts." Lester v. Storey (In re Lester), 141 B.R. 157, 161 (S.D. Ohio 1991), see also, In re Harrington, 306 B.R. 172, 183 (Bankr. E.D. Tex. 2003) (denying a trustee's objection to exemption when trustee merely relied upon the fact that settlement failed to allocate proceeds and there was no proof that all of the proceeds were not exempt). "Rather, as long as the Debtor expressly or impliedly characterizes the settlement as falling within an exempt category, the Trustee retains the burden of proof and must present evidence to the court if he wishes to prevail on his objection." Lester, 141 B.R. at 161. In this case, Debtors have sufficiently characterized the settlement proceeds as exempt by showing that proceeds are for the payment for bodily injuries sustained by Mrs. McWhorter. Harrington, 306 B.R. at 181 (holding that when faced with an objection to an exemption in settlement proceeds, debtors have a minimum burden of demonstrating that the exemption is properly claimed and that the objecting party bears the ultimate burden of proof).

Courts should not result to speculation when allocating settlement proceeds between exemptible and non-exemptible damages. In re Whitson, 319 B.R. 614, 617 (Bankr. E.D. Ark. 2005). In a similar case, the court in Whitson was faced with an objection by a trustee to a settlement received by a debtor and her husband. The trustee speculated at the hearing on the objection that some of the settlement proceeds may be attributable to non-exempt claims raised in the various causes of action asserted by the debtors, such as loss of consortium, past and future

medical bills, loss of enjoyment of life, and pain and suffering. Id. at 618. The court found that this speculation was insufficient and that the trustee, as the objecting party, failed to meet his burden of proof under Rule 4003(c). Id. at 617 (noting that debtors allocation of settlement proceeds was just as speculative as the trustee but that the trustee carries the ultimate burden of proof); In re Gilbert, 213 B.R. 502 (Bankr. E.D. Ky. 1997) (denying a trustee's objection to exemption in settlement proceeds when trustee failed to present sufficient evidence to permit court to allocate exempt and nonexempt portions of settlement proceeds).

In this case, there is no precise proof that all of the settlement proceeds are not for bodily injury sustained by Mrs. McWhorter. The Trustee and Carolina Care Plan, through their cross examination of Mr. Leath and Mrs. McWhorter, merely raised speculation that some of the proceeds may not be exempt under South Carolina law. See In re Magnus, 84 B.R. 976, 979 (Bankr. E.D. Pa. 1988) (holding "[t]he fact that we have been reduced to speculation necessarily mandates the conclusion that the trustee has not met his burden") This speculation is insufficient to meet their burden of proof and sustain their objections.[2] Testimony presented by Debtors was credible and it appears that Mrs. McWhorter sustained severe bodily injuries and received compensation through the settlement proceeds, which are entirely exempt under South Carolina

---

2 See In re Bova, 205 B.R. 467, 476-77 (Bankr. E.D. Pa. 1997) ("To a large degree, the application of § 522(d)(11)(D) to certain facts often depends on the allocation of the burden of proof. Frequently, as here, debtors testify to receipt of lump-sum settlements, which are awarded to compensate a broad range of damages and are not specifically allocated to any particular elements of damages. The objector usually has no additional evidence regarding allocation to submit and must argue from the debtor's evidence. In these circumstances most courts have held that, since exemption laws are generally construed broadly in favor of claimants, the burden of proving that a specific element of a personal injury award is excluded by § 522(d)(11)(D) lies on the objector. We therefore conclude that the failure of (the objecting party) to meet his burden of proving that portions of the settlement would fall within either of the exclusions of § 522(d)(11)(D) is fatal to the Objections.") (citations omitted); In re Russell, 148 B.R. 564, 566 (Bankr. E.D. Ark. 1992) ("Since the judgment was general, it cannot be determined whether the award was for wages, bodily injury, or pain and suffering. ... There was no proof of the precise nature of the recovery. Accordingly, there is no proof that the judgment was only for pain and suffering, the form of personal injury that may not be exempted under [11 U.S.C. § 522(d)](11)(D). In the absence of such proof, the debtor is entitled to the exemption.") (citing Ford Motor Credit Company v. Territo (In re Territo), 32 B.R. 377 (Bankr. E.D.N.Y. 1983)).

law except for a *de minimus* amount that may be attributable to the claim of Mr. McWhorter. Debtors concede in their proposed order in this matter that some of the settlement proceeds may be non-exempt as the result of any consideration that might have been given for the release of Mr. McWhorter's claims and propose that $2,500.00 represents this *de minimus* amount. The Court accepts Debtors' concession and finds that $2,500.00 of the $462,500.00 in settlement proceeds is not exempt. All of the remaining portion of the settlement proceeds are exempt pursuant to S.C. Code Ann. § 15-41-35(11)(B).

The January 18, 2006 Order is therefore modified and, of the $50,000.00 held in trust for the Trustee, Mr. Leath shall distribute $2,500.00 of this sum to the Trustee and $47,500.00 of this sum distributed to Debtors. The Court does not reach a conclusion as to whether Debtor or Carolina Care Plan has priority in the remaining settlement proceeds held in trust. Mr. Leath shall continue to hold in trust that portion of the settlement proceeds set aside for the benefit of Carolina Care Plan in the January 18, 2006 Order, pending further order of the Court.

**AND IT IS SO ORDERED.**

UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
March 24, 2006

7